## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **STEPHANIE NIGHTINGALE** | ) | |
| 7093 W. Hamilton Pl. Unit 514 | ) | |
| Liberty Township, OH 45069 | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action   3:22-cv-32** |
| **v.** | ) | |
| | ) | **Judge** |
| | ) | |
| **ALTERNATE SOLUTIONS** | ) | |
| **HEALTH NETWORK, LLC** | ) | |
| 1050 Forrer Boulevard | ) | |
| Kettering, OH 45240 | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | **Jury Demand Endorsed Hereon** |
| | ) | |

## COMPLAINT

Now comes the Plaintiff, Stephanie Nightingale, by and through counsel, and proffers this

Complaint for damages against Defendant Alternate Solutions Health Network ("Defendant").

## PARTIES/ JURISDICTION/ VENUE

1. Plaintiff Stephanie Nightingale (hereinafter "Plaintiff") is a United States citizen and a resident

   of the State of Ohio.

2. Defendant is an Ohio corporation doing business in the Southern District of Ohio.

3. At all times relevant hereto, Plaintiff was an "employee, contractor, or agent" as those terms

   are defined under the False Claims Act, 31 U.S.C. § 3730(h)

4. At all times relevant hereto, Defendant was a covered entity under § 3730(h)(1).

5. This Court has federal question jurisdiction over this action pursuant to the False Claims Act

   and 31 U.S.C. § 3730 *et seq.*

6.    This Court has jurisdiction over Plaintiff's state law claims pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

7.    Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Southern District of Ohio and performed her job duties there and Defendant is doing and has done substantial business in the Southern District of Ohio.

## STATEMENT OF FACTS

8.    Plaintiff worked as a physical therapist for Defendant for eight years.

9.    Part of Plaintiff's role was to supervise the aides who performed services for her patients.

10.    Plaintiff had significant concerns with aide Alexandra ("Lexi") James when she discovered that Ms. James documented services to her patients to be billed to Medicare that had not actually been performed.

11.    Plaintiff attempted to counsel Ms. James on the issues she discovered but was met with indifference.

12.    Ms. James continued to falsify that services had been completed despite those services not being performed.

13.    Upon information and belief, medical services were billed to Medicare that had not actually been performed.

14.    Plaintiff explained her discomfort in continuing to supervise Ms. James given the multiple complaints she had received, and false reports of aide personal care services provided.

15.    On or around June 11, 2021, Plaintiff reported to Field Administrator Paul Blandina her concerns that Ms. James was not providing the patient services she documented as having

provided and, as such, told them that they should not bill Medicare for her unfulfilled services. Plaintiff further provided the names of several patients concerned with Ms. James' services.

16.     On or around June 15, 2021, Plaintiff specified in an e-mail to Ms. James the complaints she had received, including that she "had people tell [her] you charge them to come out when you didn't have visits," and that a certain patient "said you never did anything for him – that he refused every time but yet you documented that you assisted him."

17.     Ms. James, in turn, became upset and threatened to complain to management about Plaintiff's comments.

18.     On or around June 15, 2021, Plaintiff also reported her concerns to her direct supervisor, Leslie Carmack, and noted that she had already discussed the same with Mr. Blandina.

19.     On or around June 16, 2021, Brittany Gibson, RN, informed Plaintiff that she experienced similar issues with Ms. James servicing her patients, including having a patient "report[] she had no aide services at all at her request… Lexie went back in after that and charted skin care."

20.     On or around June 22, 2021, Plaintiff met with Mr. Blandina, who informed her that they investigated her concerns about Ms. James.   He stated that they confirmed Plaintiff's concerns and stated that they would work on education with Ms. James to improve her performance.

21.     On or around Friday, June 25, 2021, Mr. Blandina and Director of Nursing Tammy Braden called Plaintiff into a meeting and issued her a disciplinary form stating that she engaged in "non-professional actions."

22.     Plaintiff was immediately "removed from all current facilities at this time [as of June 25, 2021]," and as such, was suspended without pay.

23.     Mr. Blandina and Ms. Braden informed Plaintiff that Ms. James had complained that she bullied her and that she was asking too many questions of the patients.

24.    The questions Plaintiff asked were within the scope of her role as a supervisor to ensure that her patients received the care for which they were approved.

25.    Ms. Braden told Plaintiff that she should have handled the matter differently with Ms. James as she is "a single mother" and should be given a break.

26.    Plaintiff specifically explained to Ms. Braden that she was concerned about patient care and fraud given that Ms. James was falsely documenting services to be billed.

27.    On or around Monday, June 28, 2021, Ms. Braden requested another meeting with Plaintiff.

28.    Plaintiff asked Ms. Braden if they could address her concerns regarding Ms. James "with the State Licensing Agencies as well as [her] concerns with her compliance with standard of care in regards to billing Medicare."

29.    At the June 28, 2021, meeting, no one addressed Plaintiff's concerns.  Instead, Plaintiff was terminated for allegedly harassing an anonymous co-worker about being called into the above-mentioned meeting on Friday, June 25, 2021, which violated the "non-harassment policy."

30.    Plaintiff adamantly denied the allegation as she never engaged in the alleged conduct.

## CAUSE OF ACTION

### COUNT I
### UNLAWFUL RETALIATION
### False Claims Act, 31 U.S.C. § 3730(h)

31.    Plaintiff incorporates the allegations set forth above as if fully restated herein.

32.    Plaintiff engaged in protected conduct under 31 U.S.C. § 3730(h) when, among other things, she complained on numerous occasions that one of Defendant's aides was engaging in Medicare fraud by improperly billing Medicare patients for services that were never performed.

4

33.    Plaintiff suffered an adverse employment action when Defendant suspended Plaintiff and, thereafter, terminated her.

34.    There is a causal connection between Plaintiff's complaints of Medicare fraud and her termination given, among other reasons, Defendant provided Plaintiff her first write up in seven years which was meritless and only approximately two weeks after her complaint of Medicare fraud, removed her from facilities thereby causing Plaintiff to lose income, and ultimately terminating Plaintiff's employment despite allowing Ms. James to remain employed who engaged in more egregious misconduct (i.e., Medicare fraud).

35.    Defendant has failed to provide any legitimate, non-retaliatory reason for Plaintiff's termination.

36.    As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered and is continuing to suffer from a loss of income and benefits and has experienced emotional distress, mental anxiety, and resulting physical conditions for which she should be compensated.

**WHEREFORE**, Plaintiff demands a trial by jury and judgment against Defendant, in an amount to be determined at trial, as follows:

A.    That Plaintiff be awarded backpay that she is entitled to as a result of Defendant's misconduct;

B.    That Plaintiff be awarded punitive damages;

C.    That Plaintiff be awarded liquidated damages;

D.    That Plaintiff be awarded her attorney fees and costs incurred in the investigation and prosecution of this matter; and

E.    That Plaintiff be awarded such other and further relief which the Court deems just, proper and equitable under the circumstances.

Respectfully submitted,


/s/ Angela J. Gibson_____
Angela J. Gibson (0080928)
Bradley L. Gibson (0085196)
**GIBSON LAW, LLC**
9200 Montgomery Road, Suite 11A
Cincinnati, OH 45242
(angela@gibsonemploymentlaw.com)
(brad@gibsonemploymentlaw.com)
Phone: (513) 834-8254
Fax: (513) 834-8253

*Counsel for Plaintiff*


## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands a trial by jury on all issues of this matter.

/s/ Angela J. Gibson_____
Angela J. Gibson (0080928)